Filed 7/8/22  P. v. Readus CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080063 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS184170) |
| PIERRE RENEE READUS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Affirmed.

Pierre Readus, in pro. per.; and Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This appeal is from the denial of a post-judgment petition for resentencing of a robbery conviction under Penal Code[1] section 1170.18

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

(Proposition 47). Robbery convictions cannot be resentenced as misdemeanors under that statute as a matter of law.

In 2004, Pierre Renee Readus pleaded guilty to robbery (§ 211) and evading an officer with reckless driving (Veh. Code, § 2800.2, subd. (a)). Readus was granted probation, but after a series of probation revocations, in 2005, he was sentenced to prison for two years eight months.

In 2021, Readus filed a petition for resentencing under section 1170.18 to resentence his robbery conviction as a misdemeanor. The court summarily denied the petition without appointing counsel, on the grounds the robbery count was not eligible for resentencing under section 1170.18.

Readus filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has been unable to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Readus the opportunity to file his own brief on appeal. Readus has responded, filing a one-page statement. We will discuss his submission below.

## DISCUSSION[2]

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two issues that were considered in evaluating the potential merits of this appeal:

1. Is a robbery conviction eligible for reduction to a misdemeanor under section 1170.18?

---

[2] The facts of the prior crimes are not relevant to the resolution of this appeal.

2. Did the trial court prejudicially err in failing to appoint counsel before denying the petition?

In his one-page response, Readus asserts he took less than $950 in the robbery; thus, he should have his robbery conviction reduced to a misdemeanor. He also asserts the court erred in denying appointed counsel.

Readus's supplemental brief does not raise any arguable issues for reversal on appeal. On this record, Readus does not raise any arguable issue that robbery is a "wobbler" offense that could legally be reduced to a misdemeanor.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Readus on this appeal.

DISPOSITION

The order denying Readus's petition for resentencing under section 1170.18 is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.